## General Civil Case Filing Information Form (Non-Domestic)

**Court**                    County **CHATHAM**          **Date Filed** _____
☐ Superior                                                        MM-DD-YYYY
☑ State                   Docket # **STCV**

**Plaintiff(s)**                                              **Defendant(s)**

DELKS, LETITIA R.                                         CITY OF SAVANNAH
Last    First    Middle I.  Suffix Prefix   Maiden        Last    First    Middle I.  Suffix Prefix   Maiden

DICKERSON, GEORGIA                                        SAVANNAH CHATHAM METRO POLICE DEPARTMI
Last  .  First    Middle I.  Suffix Prefix   Maiden        Last    First    Middle I.  Suffix Prefix   Maiden

                                                         JOSEPH H. LUMPKIN, SR. in his officially capacity and i
Last    First    Middle I.  Suffix Prefix   Maiden        Last    First    Middle I.  Suffix Prefix   Maiden

                                                         REPRESS, DARRYL and JOHN DOES
Last    First    Middle I.  Suffix Prefix   Maiden        Last    First    Middle I.  Suffix Prefix   Maiden

**No. of Plaintiffs** ____2____                          **No. of Defendants** ____4____

**Plaintiff/Petitioner's Attorney**      ☐ Pro Se

GALLOWAY, R. BRANDON
Last         First         Middle I.      Suffix

**Bar #** 283068

---

### Check Primary Type (Check only ONE)

☐  Contract/Account

☐  Wills/Estate

☐  Real Property

☐  Dispossessory/Distress

☐  Personal Property

☐  Equity

☐  Habeas Corpus

☐  Appeals, Reviews

☐  Post Judgment Garnishment, Attachment, or
    Other Relief

☐  Non-Domestic Contempt

☑  Tort (If tort, fill in right column)

☐  Other General Civil Specify_____

    _____

---

### If Tort is Case Type:
### (Check no more than TWO)

☐  Auto Accident

☐  Premises Liability

☐  Medical Malpractice

☑  Other Professional Negligence

☐  Product Liability

☐  Other Specify _____

**Are Punitive Damages Pleaded?** ☑ Yes ☐ No

---

☑  I hereby certify that the documents in this filing
   (including attachments and exhibits) satisfy the
   requirements for redaction of personal or
   confidential information in O.C.G.A. 9-11-7.1

MAR 15 2017

SCMPD Chief's Office



### *In The State Court of Chatham County, Georgia*
MAILING ADDRESS: P.O. BOX 9927,   SAVANNAH, GEORGIA 31412
www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

LETITIA R. DELKS

GEORGIA DICKERSON

_____

_____

**Plaintiff**

Vs

CITY OF SAVANNAH, SAVANNAH CHATHAM

METRO POLICE DEPARTMENT Joseph H.

Lumpkin, Sr. Individually and in his official capacity

DARRYL REPRESS and JOHN DOES.

**Defendant**

Counsel or Party Counsel or Party

STCV1700401

Case Number

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA.

## CERTIFICATION UNDER RULE 3.2

Pursuant to rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule # _____ of the Eastern Judicial Circuit of Georgia, I hereby certify that no case has heretofore been filed in the State Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

This 14th day of March, 20 17

_____
Counsel or Party

**OR**

Pursuant to Rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule # _____ of the Eastern Judicial Circuit of Georgia, I hereby certify that this petition-pleading involves substantially the same parties or substantially the same factual issues as in Case # _____

_____     VS     _____
Plaintiff                                          Defendant

Filed in The Eastern Judicial Circuit of Georgia which under Rule 3.2 of the Superior Court rules require the petition-pleading, be specifically assigned to the Judge whom the original action was or is assigned.

_____
Counsel or Party

PRINT

7. Certification under rule 3.2   09-05



# In The State Court of Chatham County

**MAILING ADDRESS: P.O. BOX 9927,   SAVANNAH, GEORGIA  31412**

133 Montgomery Street, Suite 501

www.statecourt.org  ·  Phone (912) 652-7224  ·  FAX (912) 652-7229  ·  clerk@statecourt.org

---

LETITIA R. DELKS
GEORGIA DICKERSON

STCV1700401

Case Number

Plaintiff

Vs

CITY OF SAVANNAH, SAVANNAH CHATHAM
METRO POLICE DEPARTMENT JOSEPH H.
LUMPLIN, SR., individually and in his official
capacity, DARRYL REPRESS and JOHN DOES

Defendant

**Address of Defendant**

Darryl Repress
162 Little River Drive
Savannah, GA  31419

---

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Darryl Repress

Defendant's Address 162 Little River Drive Savannah, GA  31419

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

R. Brandon Galloway
Post Office Box 674
Pooler, GA  31322

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _14_ day of _March_, 20_17_

_Brian K. Hart_
**CLERK OF COURT**
**State Court of Chatham County**

Deputy Clerk, State Court of Chatham County

PRINT

27. Summons 09-05



# In The State Court of Chatham County

MAILING ADDRESS: P.O. BOX 9927,   SAVANNAH, GEORGIA 31412

133 Montgomery Street, Suite 501

www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

LETITIA R. DELKS
GEORGIA DICKERSON

**Plaintiff**

STCV1700481

Case Number

Vs

CITY OF SAVANNAH, SAVANNAH CHATHAM
METRO POLICE DEPARTMENT JOSEPH H.
LUMPLIN, SR., individually and in his official
capacity, DARRYL REPRESS and JOHN DOES

Address of Defendant

City of Savannah C/O Eddie DeLoach, Mayor
Savannah City Hall, Second Floor
2 East Bay Street
Savannah, GA 31402

**Defendant**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: City of Savannah C/O Eddie DeLoach, Mayor

Defendant's Address Savannah City Hall, Second Floor 2 East Bay Street Savannah, GA 31402

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

R. Brandon Galloway
Post Office Box 674
Pooler, GA 31322

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This 14 day of March, 20 17.

*Brian K. Hart*

**CLERK OF COURT**
**State Court of Chatham County**

Deputy Clerk, State Court of Chatham County

Not valid not
signed and sealed
by the State Court
Clk.

PRINT

27. Summons 09-05



# In The State Court of Chatham County

**MAILING ADDRESS: P.O. BOX 9927,   SAVANNAH,  GEORGIA  31412**

133 Montgomery Street, Suite 501

www.statecourt.org  ·  Phone (912) 652-7224  ·  FAX (912) 652-7229  ·  clerk@statecourt.org

LETITIA R. DELKS
GEORGIA DICKERSON

_____
**Plaintiff**

Vs

CITY OF SAVANNAH, SAVANNAH CHATHAM
METRO POLICE DEPARTMENT JOSEPH H.
LUMPLIN, SR., individually and in his official
capacity, DARRYL REPRESS and JOHN DOES

_____
**Defendant**

**Case Number**

STCV1700401

**Address of Defendant**

Savannah Chatham Metro Police Department
C/O Joseph H. Lumpkin, Sr., Chief of Police
201 Habersham
Savannah, GA  31412

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA.

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Savannah Chatham Metro Police Department C/O Joseph H. Lump

Defendant's Address 201 Habersham, Savannah, GA  31412

You  are  hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney,

whose name and address is:

R. Brandon Galloway
Post Office Box 674
Pooler, GA  31322

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, Judgment by default will be taken against you for the relief demanded
in the complaint.

This  14  day of  march , 20 17

Brian K. Hart

**CLERK OF COURT**
**State Court of Chatham County**

_____
Deputy Clerk, State Court of Chatham County

PRINT

27. Summons  09-05

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA.

2017 MAR 14 P 4: 38

*Bruce K. Short*
CLERK OF COURT

LETITIA DELKS and
GEORGIA DICKERSON,

                        Plaintiffs,

v.

CITY OF SAVANNAH, SAVANNAH
CHATHAM METRO POLICE
DEPARTMENT JOSEPH H. LUMPKIN.
SR., in his official capacity, Officer
DARRYL REPRESS, individually and in
his official capacity, and JOHN DOES,

                        Defendants.

CIVIL ACTION

FILE NO.: _____

**JURY TRIAL DEMANDED**

**COMPLAINT**

COMES NOW LETITIA R. DELKS and GEORGIA DICKERSON, Plaintiffs, and

makes and files this Complaint against Defendants City of Savannah, Savannah Metro

Police Department, Joseph H. Lumpkin, Sr., in his official capacity, Officer Darryl

Repress, individually and in his official capacity, and John Does as follows:

- 1 -

## PARTIES AND JURISDICTION

1.

Plaintiffs reside at 280 Blue Moon Crossing, Apartment and are subject to the jurisdiction of this court.

2.

City of Savannah is a municipality of the State of Georgia and is responsible for the funding and operation of the Savannah Chatham Metro Police Department. Defendant City of Savannah may be served with process through Mayor Eddie DeLoach at Savannah City Hall, Second Floor, 2 East Bay Street, Savannah, Georgia 31402 and is subject to the jurisdiction of this court.

3.

Defendant Chief of Police Joseph H. Lumpkin, Sr. is the duly elected Chief of Police for City of Savannah - Savannah Chatham Metro Police Department and is responsible for the supervision, maintenance and operation of Savannah Chatham Metro Police Department and may be served with process at 201 Habersham, Savannah, Georgia 31412. Defendant Chief of Police Joseph H. Lumpkin, Sr. is subject to the jurisdiction of this court.

4.

Defendant Darryl Repress resides at 162 Little River Drive, Savannah, Georgia 31419, and is subject to the jurisdiction of this Court and may be personally served with a copy of the Summons and Complaint at this address.

- 2 -

5.

Defendant John Does are the unknown and unidentified individuals or entities who injured Plaintiffs, by being negligent, deliberately indifferent to their needs, and violated their constitutional rights.

6.

On September 14, 2015 Plaintiffs gave Ante Litem notice to the City of Savannah and Plaintiffs have complied with all conditions precedent to bringing this action. (A copy of the Ante Litem notice is attached as Exhibit "A.")

7.

Defendants have waived any defense of sovereign immunity by the purchase of liability insurance or otherwise, if applicable.

8.

Jurisdiction and venue are proper in this court.

## BACKGROUND

9.

On or about January 16, 2015 Donival Gaston reported his 2007 F-150 Ford stolen to the Savannah Chatham Metro Police Department.  On that same date, he contacted Savannah Chatham Metro Police Department and advised the Department that he had located the vehicle on his own by searching the neighborhood. Defendant Officer Darryl Repress at the location Mr. Gaston found the vehicle and took the Auto Theft Recovery Report.  Mr. Gaston waited for approximately one (1) hour until

- 3 -

forensics arrived and after it was determined no fingerprints could be obtained, the vehicle was released to Mr. Gaston.

10.

On or around March 17, 2015 Plaintiff Latitia Delks was traveling with Plaintiff Georgia Dickerson in Donival Gaston's 2007 F-150 Ford when she was pulled over at Highway 21 and I95 in Port Wentworth, Georgia as the Port Wentworth Police Department got a hit that the vehicle was stolen.  The police officers approached the vehicle as a felony vehicle stop with side arms drawn and pointed toward Plaintiff Delks. Verbal commands were given to Plaintiff Delks where she was rushed by two officers and removed from the vehicle.  Plaintiff Delks informed them the vehicle was not stolen, she had permission to drive the vehicle from her boyfriend, Mr. Gaston, and after bring confronted, Mr. Gaston advised them of such, after which Plaintiffs and the vehicle were released.

11.

On or around March 20, 2015 Plaintiff Latitia Delks was in Donival Gaston's 2007 F-150 Ford again at Enmark on Highway 80 in Pooler, Georgia when she was again stopped with sirens and rushed by the City of Pooler Police Department because the vehicle was still showing as a stolen vehicle.  Plaintiff Delks again informed them the vehicle was not stolen, she had permission to drive the vehicle from her boyfriend, Mr. Gaston, and after bring confronted, Mr. Gaston advised them of such, after which Plaintiffs and the vehicle were released.

- 4 -

12.

Defendants are all responsible for both of these stops due to the failure of the Savannah Chatham Metro Police Department to carry out the ministerial duty of changing the status of the vehicle driving by Plaintiff Delks, and owned by Mr. Donival Gaston, as recovered and no longer stolen.

13.

Prior to both of the above dates, Mr. Gaston reported the vehicle stolen on January 16, 2015, that same day the vehicle was found and reported as recovered by Savannah Chatham Metropolitan Police.  The negligent failure to do this ministerial duly caused Plaintiff Delks and Plaintiff Dickerson to go through the experience of a felony vehicle stop, which included sirens, lights, guns drawn, verbal commands treating them as criminals, and being removed from the vehicle.

14.

As a result of this incident, Plaintiff Latitia Delks suffered severe and serious injuries, as follows: anxiety, palpitations, headaches, fear and emotional distress.

15.

As a result of this incident, Plaintiff Georgia Dickerson suffered severe and serious injuries, as follows: anxiety and emotional distress.

<u>COUNT 1</u>

<u>Negligence</u>

16.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

- 5 -

17.

Defendant Officer Repress negligently failed to perform the ministerial act of accurately completing the Auto Theft Recovery Report.

18.

Defendant Officer Repress negligently failed to perform the ministerial act of updating the other appropriate form.

19.

Defendant Officer Repress negligently failed to perform the ministerial act of updating the status of the vehicle from stole to recovered on the Auto Theft Recovery Report.

20.

Defendant Officer Repress negligently failed to properly relay the information that such vehicle had been received to the appropriate person or department.

21.

As a result of the aforementioned conduct, Plaintiffs have suffered damages as described in Count 7 of this Complaint, titled Damages.

## COUNT 2

## RESPONDEAT SUPERIOR

22.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

- 6 -

23.

Defendants City of Savannah, Savannah Metro Police Department, Joseph H. Lumpkin, Sr., in his official capacity are liable through the legal doctrine of Respondeat Superior due to the negligence of Defendant Officer Repress.

24.

As a result of the aforementioned conduct, Plaintiffs have suffered damages as described in Count 7 of this Complaint, titled Damages.

## COUNT 3

## VICARIOUS LIABILITY

## FAILURE TO PROPERLY TRAIN

25.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 24 above as if fully restated.

26.

Defendants City of Savannah, Savannah Metro Police Department, Joseph H. Lumpkin, Sr., in his official capacity are liable due to their failure to properly train Defendant Officer Repress on the proper policies and procedures involving the reporting of a vehicle stole and the reporting of a vehicle as recovered.

27.

As a result of the aforementioned conduct, Plaintiffs have suffered damages as described in Count 7 of this Complaint, titled Damages.

- 7 -

## COUNT 4

## FAILURE TO HAVE APPROPRIATE POLICIES AND PROCEDURES

### 28.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

### 29.

Defendants City of Savannah, Savannah Metro Police Department, Joseph H. Lumpkin, Sr., in his official capacity are negligent in not having and following appropriate policies and procedures regarding the reporting of a vehicle stolen and reporting a vehicle as recovered.

### 30.

As a result of the aforementioned conduct, Plaintiffs have suffered damages as described in Count 7 of this Complaint, titled Damages.

## COUNT 5

## 42 U.S.C. § 1983 -- VIOLATION OF CIVIL RIGHTS

### 31.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 30 above as if fully restated.

### 32.

Defendants, acting under color and authority of state law, have maliciously, intentionally and with deliberate indifference deprived Plaintiffs of their rights, privileges

- 8 -

and immunities secured by the United States Constitution and its laws pursuant to 42 U.S.C. § 1983.

33.

Defendants maliciously, intentionally and with deliberate indifference deprived Plaintiffs of their Fourteenth Amendment rights, including the prohibition against depriving persons of life, liberty or property without due process of law, and the prohibition against denying any person equal protection under the laws.

34.

As a result of Defendants' actions in depriving Plaintiffs of their civil rights and rights guaranteed under the United States Constitution pursuant to 42 U.S.C. § 1983, Plaintiffs have suffered the damages outlined in Count 7 of this Complaint entitled Damages.

35.

As a result of the aforementioned conduct, Plaintiffs have suffered damages as described in Count 7 of this Complaint, titled Damages.


## COUNT 6

### 42 U.S.C. § 1983 – VICARIOUS LIABILITY

36.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 35 above as if fully restated.

- 9 -

37.

Defendants have a persistent and widespread practice of failing to properly train and supervise officers, failing to implement and/or follow appropriate policies and procedures and being deliberately indifferent to the serious needs of citizens, thereby allowing the deprivation of plaintiff's civil rights, as described in Count 1 of this Complaint, entitled 42 U.S.C. § 1983 – Violation of Civil Rights.

38.

As a result of the aforementioned conduct, Plaintiffs have suffered damages as described in Count 7 of this Complaint, titled Damages.

## COUNT 7

## DAMAGES

39.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 38 above as if fully restated.

40.

As a result of Defendants' conduct, Plaintiffs have incurred past medical expenses and will continue to incur medical expenses in the future.

41.

As a result of Defendants' conduct, Plaintiffs have incurred past and future lost wages.

- 10 -

42.

As a result of Defendants' conduct, Plaintiffs have incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

43.

As a result of the aforementioned conduct, Plaintiffs have suffered damages as described in Count 7 of this Complaint, titled Damages.

## COUNT 7

## ATTORNEY FEES

44.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 43 above as if fully restated.

45.

It was necessary for Plaintiffs to bring this action and such Plaintiffs are entitled to attorney fees pursuant to O.C.G.A. § 13-6-11.

46.

Pursuant to 42 U.S.C. § 1988 and state law, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs of litigation.

WHEREFORE, Plaintiffs pray that they have a trial on all issues and judgment against Defendants as follows:

(a)     That Plaintiffs recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

- 11 -

(b)     That Plaintiffs recover for mental anguish and physical pain and suffering and

emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     The Plaintiffs recover their attorney fees for having to bring this action

(d)     That Plaintiffs recover such other and further relief as is just and proper;

(e)     That all issues be tried before a jury.

This ___14th___ day of March, 2017.

GALLOWAY & GALLOWAY, P.C.

_____
R. Brandon Galloway
Attorney for Plaintiffs
State Bar Number: 283068

842 West Highway 80
Post Office Box 674
Pooler, Georgia 31322
Telephone:   (912) 748-9100
Facsimile:    (912) 748-9109

- 12 -

# EXHIBIT "A"



## GALLOWAY & GALLOWAY, P.C.
### Attorneys at Law
Robert W. Galloway / R. Brandon Galloway

September 14, 2015

*VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED*
*TO ALL BELOW LISTED PARTIES:*

Ms. Edna Branch Jackson
Mayor of the City of Savannah
Savannah City Hall, Second Floor
2 East Bay Street
Savannah, GA  31402

Ms. Edna Branch Jackson
Mayor of the City of Savannah
Post Office Box 1027
Savannah, GA  31401

VIA EMAIL TO:     ejackson@savannahga.gov

Ms. Stephanie Cutter
City Manager
2 East Bay Street
Savannah, GA  31402

Ms. Stephanie Cutter
City Manager
Post Office Box 1027
Savannah, GA  31401

VIA EMAIL TO:     scutter@savannahga.gov

Mr. Tony Thomas
Chairman of Council
18 Vernonburg Avenue
Savannah, GA  31419

VIA EMAIL TO:     tthomas@savannahga.gov



Mr. Lee Smith
County Manager
Post Office Box 8161
Savannah, GA  31412

VIA EMAIL TO:      leesmith@chathamcounty.org

Mr. W. Brooks Stillwell
City Attorney
200 East Saint Julian Street
Savannah, GA  31401

VIA EMAIL TO:      bstillwell@savannahga.gov

Mr. Albert J. Scott
Chatham County Commission Chairman
Post Office Box 8161
Savannah, GA  31412

VIA EMAIL TO:      alscott@chathamcounty.org


RE:    <u>Ante Litem Notice</u>

|  |  |
|---|---|
| Injured Party: | Letitia Renee Delks |
|  | Georgia Mae Dickerson |
| Date of Injury: | March 17, 2015 and March 20, 2015 |
| Location: | Highway 21/I-95 Port Wentworth, Georgia |
|  | and Enmark Pooler, Georgia |

Dear All:

Please be advised that I have been retained to represent Ms. Letitia Renee Delks in regards to the injuries incurred as a result of the conduct of the City of Savannah, Savannah-Chatham Metropolitan Police Department and others arising out of a wrongful traffic stop at Highway 21 and I95 in Port Wentworth, Georgia on March 17, 2015.  We are also holding the City of Port Wentworth responsible for a subsequent stop by the Pooler Police Department that took place at the Enmark in Pooler, Georgia on March 19, 2015.  The addressees are responsible for both of these stops due to the failure of the Savannah-Chatham Metropolitan Police Department to carry out the ministerial duty of changing the status of the vehicle driving by Ms. Delks, and owned by Mr. Donival Gaston, as recovered and no longer stolen.

Prior to both of the above dates, Mr. Gaston reported the vehicle stolen on January 16, 2015, that same day the vehicle was found and reported as recovered by Savannah-Chatham Metropolitan Police.  The negligence and failure to do this ministerial duty



caused my client, and her grandmother, Ms. Dickerson, to go through the experience of a felony vehicle stop, which included sirens, lights, guns drawn, verbal commands treating them as criminals, and being removed from the vehicle.  The purpose of this letter is to comply with any ante litem notice requirements.

Ms. Delks suffered the following injuries as a result of both of these stops: anxiety, headaches, fear, and emotional distress.  Please be advised that Ms. Delks is disabled by PTSD and anxiety prior to this accident and her condition was only made worse having to undergo these two (2) ordeals.  Ms. Delks, in the March 17, 2015 incident, was accompanied by her 83 year old grandmother, Ms. Dickerson, and she suffered emotional distress and anxiety as well as a result of this wrongful stop.

Pursuant to O.C.G.A. § 36-33-5, as counsel for Ms. Delks and Ms. Dickerson, I am presenting their claims for general and special damages, both past and future, including but not limited to medical expenses, permanent disability, diminished earning capacity, lost wages, pain and suffering and any other damages allowed under Georgia law within the six-month period required by statute.  While our investigation is still ongoing, we believe that the value of this claim may exceed $15,000.00.  If you contend this letter does not provide you with sufficient notice pursuant to O.C.G.A. § 36-33-5, or comply with said statute, please advise me immediately in writing, and we will correct any deficiencies.

If you would like to explore a settlement, please let us know by close of business on October 16, 2015.

Sincerely,

R. Brandon Galloway

RBG:ay
CC:   Ms. Letitia Renee Delks
      Ms. Georgia Mae Dickerson



CITY OF
OFFICE OF CITY ATTORNEY

September 24, 2015

R. Brandon Galloway, Esq.
Galloway & Galloway, P.C.
342 West Highway 80
P.O. Box 674
Pooler, GA 31322

Re:    Ante Litem Notice – Letitia Renee Delks and Georgia Mae Dickerson

Dear Mr. Galloway:

This will acknowledge receipt of your September 14, 2015 letter, submitted on behalf of Mses. Delks and Dickerson, alleging psychic injuries emanating from a March 17, 2015 traffic stop in Port Wentworth. The circumstances you presented involve neither malicious, willful or wanton conduct directed at your clients, nor any physical harm. Where a plaintiff fails to establish a viable tort claim against a defendant, she has no claim for emotional distress. Reeves v. Edge, 225 Ga. App. 615, 484 S.E.2d 498 (1997). Accordingly, we see no liability on the part of the City and reject your invitation to adjust this claim.

Very truly yours,

JENNIFER N. HERMAN
ASSISTANT CITY ATTORNEY

JNH/lea
c:    Jennifer R. Burns, Esq.
      Ms. Louisa Browne